UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, as Subrogee of the Hammond Group, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 2:03-CV-178-TS |
| AMERICAN WOOD FIBERS, INC., | ) ) | |
| Defendant. | ) | |

**OPINION**

This case concerns a fire that occurred at the Hammond Expanders plant on August 8, 2001. The Plaintiff brought product liability claims against the Defendant, arguing its wood flour product, which was used by Hammond Expanders, spontaneously combusted and caused the fire.

The case went to trial on May 15, 2006. On May 26, 2006, the jury returned a verdict for the Defendant. The Plaintiff filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) on June 2, 2006. The Plaintiff claims a new trial is justified because the Court made numerous errors during trial. The Defendant responded on June 16, 2006, arguing that the Court did not err in any of its rulings and no new trial is justified. The Plaintiff replied on June 23, 2006.

The Court agrees with the Defendant and the Plaintiff's motion is denied. The trial record adequately states the reasons for the Court's rulings making extensive discussion of the many issues raised by the Plaintiff unnecessary. Nevertheless, the Court will restate the grounds on which its rulings were based and explain why no new trial is justified.

**A.      Standard for Granting a New Trial**

Federal Rule of Civil Procedure 59 allows a court to grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Rule 61 states that

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Fed. R. Civ. P. 61. In other words, "[i]n order to receive a new trial, the defendant must show that the error was substantial enough to deny him a fair trial." *Perry v. Larson*, 794 F.2d 279, 285 (7th Cir. 1986).

"The court has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2805 (2006). A prejudicial error of law may justify a new trial. *Id.* A new trial may also be granted if the verdict is against the weight of the evidence. *Id.* In determining whether to grant a new trial, "a jury verdict must be accorded great deference." *Foster v. Cont'l Can Corp.*, 783 F.2d 731, 735 (7th Cir.1986). Also, "unlike a J.N.O.V. motion, the judge may consider the credibility of the witnesses, the weight of the evidence, and anything else which justice requires." *Spanish Action Comm. of Chi. v. City of Chi.*, 766 F.2d 315, 321 (7th Cir. 1985).

**B.     The Plaintiff's Challenge to the Jury Instructions and Verdict Forms**

"The primary purpose of jury instructions is to 'clarify the issues for the jury and to educate the jury about what factors are probative on those issues.'" *Humphrey v. Staszak*, 148 F.3d 719,

2

723–24 (7th Cir. 1998) (quoting *Spesco, Inc. v. Gen. Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983)). Jury instructions are adequate where they properly state the law and where there is adequate evidence to support the instruction. *Id.* "Jury instructions are reviewed as a whole to determine whether they are 'sufficient to inform the jury correctly as to the applicable law.'" *Id.* (quoting *Wilson v. Williams*, 83 F.3d 870, 874 (7th Cir. 1996)). If an instruction was erroneously given, a new trial is granted only if the instruction prejudiced the complaining party. *Id.*

The Plaintiff complains that several of the jury instructions were not supported by evidence and prejudiced his case. The Plaintiff does not claim that any instruction misstated the law.

**1.**     ***Instructions Concerning Hammond Expanders's Fault***

The Plaintiff argues that the Court erred by giving the jury instructions regarding comparative fault, the sophisticated user defense, the known defect and danger defense, and the modification or alteration of product defense, because there was no evidence to support a finding that Hammond Expanders was at fault for its handling of the wood flour. The Court disagrees.

The sophisticated user defense allows a Defendant to eliminate its duty to warn of its product's dangers by showing that a party was a sophisticated user. *Smock Materials Handling Co., Inc. v. Kerr*, 719 N.E.2d 396, 403 (Ind. Ct. App. 1999). A "sophisticated user" has actual knowledge equal or superior to the manufacturer of any hazard associated with the manufacturer's product, or is engaged in a type of business wherein the hazards of the manufacturer's product are commonly known so that the manufacturer could reasonably have expected the user to know of the hazards associated with the manufacturer's product. *Id.* The known defect and danger defense allows the jury to find fault against a party that knew of a product's defect and the danger from the defect and used

the product anyway. Ind. Code § 34-20-6-3. The modification defense allows the jury to find fault against the Plaintiff if the product was modified in a manner not reasonably expected by the manufacturer. Ind. Code § 34-20-6-5. Comparative fault applies to claims under the Indiana Products Liability Act. Ind. Code § 34-20-8-1. "Apportionment of fault is . . . a question of fact for the jury to determine." *City of Crawfordsville v. Price*, 778 N.E.2d 459, 463 (Ind. Ct. App. 2002).

A reasonable jury could have found from the evidence presented that Hammond Expanders was at fault for its handling of the wood flour. Though it did not refer to spontaneous combustion, the Defendant's warning label instructed that wood flour was to be stored in a cool dry place. It was Hammond Expanders that decided to store the wood flour near the hot compressor room. The evidence showed Hammond Expanders had received an MSDS sheet for wood flour from another wood flour supplier that warned that wood flour could spontaneously combust. Also, Hammond Expanders had some knowledge of the properties and characteristics of wood flour as it used several different types of wood flour in manufacturing its own product. This evidence justified the instructions regarding whether the Plaintiff was a sophisticated user, whether the Plaintiff knew of the defect and was aware of the danger, and whether the Plaintiff altered or modified the product by storing it next to the hot compression room.

The Court also notes that the use of the comparative fault instruction caused no prejudice to the Plaintiff, as the jury found that the Defendant was not at fault for the Hammond fire. The instruction used was the pattern instruction prepared by the Indiana Judges Association. Nothing in the instruction would have pushed the jury to find that the Defendant was not at fault where it otherwise would have found fault.

**2.**     *Comparative Fault Special Verdict Forms*

The Plaintiff argues that the verdict forms used were confusing to the jury. As evidence of the jury's alleged confusion, the Plaintiff cites post-verdict comments of one of the jurors, and has submitted an affidavit recollecting the Plaintiff's attorney's version of what was said.

Northern District of Indiana Local Rule 47.2 states:

> No attorney or party appearing in this court, or any of their agents or employees, shall approach, interview, or communicate with any member of the jury except on leave of court granted upon notice to opposing counsel and upon good cause shown. This rule applies to any communication before trial with members of the venire from which the jury will be selected, as well as any communication with members of the jury during trial, during deliberations, or after return of a verdict. *Any juror contact permitted by the court shall be subject to the control of the judge.*

N.D. Ind. L.R. 47.2 (emphasis added). The Seventh Circuit has stated that the purpose of such rules is to:

> (1) encourage freedom of discussion in the jury room; (2) reduce the number of meritless post-trial motions; (3) increase the finality of verdicts; and (4) further Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from post-verdict scrutiny.

*Cuevas v. United States*, 317 F.3d 751, 753 (7th Cir. 2003).

In this case, the attorneys were asked if they would like a chance to talk to the jury after the verdict and the attorneys requested the opportunity to speak with them. The Court found good cause to allow the jurors to stay after the verdict and comment on the trial for the purpose of helping the lawyers to evaluate their performance in this case and better represent their clients in future cases. It was also the Court's view that allowing the jury to talk to the attorneys would enhance the jury process by giving the jury a chance to comment and be active participants after being passive participants for most of the process. To guard against the problems with such post-verdict contact, the Court made it clear to the jury they could leave after the verdict and that they did not need to stay

or say anything to the attorneys. To prevent meritless post trial motions and protect the finality of the verdict, the Court told the jury and the attorneys that the session would be off of the record and nothing said would alter the verdict or have any effect on the record. The attorneys were also told no issue was to be made from what was said after the verdict. The Plaintiff has ignored the Court's clear instructions, and seeks to use these off the record comments to support its motion for a new trial. The Plaintiff's recollection of what was said off the record may not be used in any proceeding in this Court.

Not only is the Plaintiff's citation to a juror comment a violation of the Court's orders, but it is inadmissible under Federal Rule of Evidence 606(b). Rule 606(b) states:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

Fed. R. Evid. 606(b). The Plaintiff's attorney's affidavit is evidence of a statement by a juror concerning a matter about which the juror would be precluded from testifying, and must be stricken for this reason as well.

The Court will not consider any arguments relating to jury comments made off the record after trial. The Plaintiff is cautioned to avoid making further plainly meritless arguments to this Court, and to follow the Court's clear instructions.

Apart from the Plaintiff's improper argument, the Court finds no prejudice to the Plaintiff from the verdict forms. The forms used were the pattern forms recommended by the Indiana Pattern

6

Instructions for use with the pattern comparative fault instruction. Upon further review, the Court agrees that the verdict forms may be slightly confusing, in that the forms require the apportionment of fault regardless of the jury's finding on the issue of causation. This is so because the form for a defendant verdict, which the jury is instructed to use when the defendant is not at fault or if the plaintiff's fault is greater than 50%, instructed the jury to apportion fault between the plaintiff and defendant so that the resulting percentages add up to 100%. If a jury believed a defendant had no role in causing the damage, it may be confusing to apportion all of the fault to the plaintiff. The jury did not have the option to apportion no fault to either party.

However, the Court does not see how this prejudiced the Plaintiff. If anything, the verdict form made it more difficult for the jury to figure out how to deliver a verdict for the Defendant, in that to do so, they were required to apportion all fault to the Plaintiff. In any event, after finding the Defendant's fault to be 0%, the finding of fault relative to the Plaintiff had no legal significance. The Plaintiff was not prejudiced by the verdict forms. The Court sees nothing suggesting the slightly confusing verdict form affected the substantial rights of the Plaintiff and any error in using the Indiana Pattern forms is therefore not grounds for a new trial.

C.     **Dismissal of Strict Liability and Design Defect Claims**

The Plaintiff argues that the Court erred by dismissing its manufacturing defect claim and its design defect claim. The Plaintiff claims the Defendant's wood flour was defective because it contained "extractives" that made spontaneous combustion of the wood flour more likely. The evidence submitted at trial showed that the extractives are naturally present in wood. The Defendant's manufacturing process grinds wood into wood flour, and does not remove or reduce the

7

naturally occurring level of extractives.

To bring a claim for products liability under Indiana law, a plaintiff must prove the product to be defective. A plaintiff may do so by showing the existence of a design defect, a manufacturing defect, or an inadequate warning. *Ritchie v. Glidden Co.*, 242 F.3d 713, 720 (7th Cir. 2001); Ind. Code § 34-20-2-2 (distinguishing between manufacturing defect, design defect, and failure to warn claims). A product contains a manufacturing defect when it deviates from its intended design. Restatement (Third) of Torts § 2 (1998). A design defect exists where the manufacturer failed to exercise reasonable care in designing the product. Ind. Code §§ 34-20-2-2; 34-20-4-1. The Plaintiff bears the burden of proving a design to be unreasonable, and must do so by showing there are other safer alternatives, and that the costs and benefits of the safer design make it unreasonable to use the less safe design. *Bourne v. Marty Gilman, Inc.*, 452 F.3d 632, 638 (7th Cir. 2006).

The Court dismissed the Plaintiff's claim for a manufacturing defect because no evidence was submitted suggesting the wood flour alleged to have caused the Hammond Expander's fire deviated from the intended design or differed in any way from the wood flour normally manufactured by the Defendant. The Court dismissed the Plaintiff's claim for a design defect because no evidence was presented showing there was any safer alternative, or the reasonableness of another alternative. No evidence was submitted as to whether it is possible to remove or reduce the extractives from wood flour or as to the cost of doing so. The Plaintiff has not shown the Court's ruling to be in error.

**D.      Admission of the September 2004 Fire**

The Plaintiff argues that the Court erred by admitting evidence of a fire at the Hammond Expanders plant in 2004, three years after the fire at issue. The evidence suggested the 2004 fire was caused by the spontaneous combustion of Hammond Expanders product, as the fire was smouldering in a pallet of its product. Other evidence was introduced that the Hammond Expanders product could combust when it was bagged at too high of a temperature, and that it had in the past. The Defendant argued at trial that the 2004 fire suggests that Hammond Expanders product could have been the cause of the 2001 fire. The Defendant pointed to the similarities between the two fires: Hammond Expanders was manufacturing a similar product by a similar process, the product causing the 2004 fire was also stored at the facility during the 2001 fire, and the fires were both discovered early the following morning.

Evidence of other accidents is admissible to show the existence of a danger in a product if the other accident is substantially similar to the accident at issue. *Mihailovich v. Laatsch*, 359 F.3d 892, 908 (7th Cir. 2004). The court looks to the facts of the accident at issue and those in the other accident and considers whether the facts support an inference that both accidents share a common cause. *Id.* "In applying this standard, we have emphasized that 'substantially similar' does not mean 'identical,' and that the range between similar and identical is a matter to be addressed on cross-examination." *Id.* (quoting *Buscaglia v. United States*, 25 F.3d 530, 533 (7th Cir.1994)).

The Court held that the 2004 fire was admissible because it was relevant to show the possibility that Hammond Expanders product could have been the cause of the fire. The similarities shown by the Defendant were sufficient to allow a reasonable jury that both fires were caused by Hammond Expanders product. The admission of the 2004 fire was not error.

9

**E.     Admission of Nastoff's and Wharton's Testimony**

The Plaintiff argues that the Court should have stricken all of the testimony of Michael Nastoff and Lennard Wharton. The Court found that part of their testimony was not properly disclosed as required by Federal Rule of Civil Procedure 26 and that the Defendant had no substantial justification for its failure. Pursuant to Rule 37, the Court sanctioned the Plaintiff by striking the part of the testimony that was not disclosed and told the jury to disregard such testimony.    Rule 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). In determining what sanctions are appropriate, courts are to "carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 760 (7th Cir. 2004) The court must also be mindful that "justice is dispensed by the hearing of cases on their merits." *Id.* at 759.

Striking the entire testimony of the Defendant's liability experts would have been excessive and possibly outcome determinative. Such a drastic sanction was not justified by the Defendant's discovery violation, as there is no evidence the failure was in bad faith or that it caused substantial prejudice to the Plaintiff. The Court's choice of sanction was sufficient and, in any event, did not substantially prejudice the Plaintiff's case.

**F.     Admission of Reger's and Weiss's Testimony**

The Plaintiff argues that the Court should have stricken the testimony of Richard Weiss and David Reger. However, neither expert testified to facts relating to the Defendant's liability. They testified about the Plaintiff's damages. Their testimony became a non-issue when the jury found that the Defendant bore no fault for the Plaintiff's damages. Therefore, their testimony did not prejudice the Plaintiff's right to a fair trial.

**G.     Sufficiency of Evidence to Support the Jury's Verdict**

Finally, the Plaintiff argues "the jury's verdict was contrary to the clear weight of the evidence and the verdict resulted in a miscarriage of justice." (Pl. Mot. New Trial 4, DE 109-1.) No other argument on this point was offered. The Court disagrees. The jury had several reasonable grounds to find for the Defendant. There was sufficient evidence for the jury to find that it was not possible for the wood flour to spontaneously combust under the conditions that existed at Hammond Expanders, that the fire was caused by another source such as Hammond Expanders own product, that the Defendant's warning was reasonable, or that the Plaintiff was at fault for its handling of the wood flour.

**ORDER**

The Plaintiff's Motion for a New Trial [DE 109] is DENIED.

SO ORDERED on October 31, 2006.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Theresa L. Springmann
　　　　　　　　　　　　　　　　　　　　　THERESA L. SPRINGMANN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT